**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond J. Dumont and Kathleen A. Dumont, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation, USA, a Delaware Corporation; Mortgage Electronic Registration Systems Inc.; a Delaware Corporation; Investors 1-1000 and Michael A. Bosco, Trustee,<br><br>　　　　　Defendants. | No. CV 10-1106-PHX-MHM<br><br>**ORDER** |

Currently pending before this Court are Defendants HSBC Mortgage Corporation, USA and Mortgage Electronic Registration Systems, Inc.'s (collectively, "Defendants") Motion for Award of Attorney's Fees and Non-Taxable Expenses. (Doc. 17).

**I.   BACKGROUND**

On August 2, 2010, this Court issued an Order dismissing Plaintiffs' Complaint against all Defendants.[1] Defendants filed the instant attorney's fees motion on August 16, 2010, and filed their memorandum in support thereof on August 30, 2010. (Doc. 19).

---

[1] Plaintiffs' Complaint made numerous claims, including improper non-judicial foreclosure, breach of contract, the unconstitutionality of Arizona Revised Statutes ("A.R.S.") § 33-811(B), fraudulent concealment, and appraisal fraud.

Plaintiffs, who are represented by counsel, did not respond to Defendants' motion. On October 26, 2010, however, Defendants filed their Notice of Plaintiffs' Bankruptcy, informing the Court that Plaintiffs have filed for Chapter 7 bankruptcy protection. (Doc. 22).

**II.    DISCUSSION**

Because Plaintiffs have filed for bankruptcy, this Court cannot presently make a merits determination regarding Defendants' Motion for Attorney's Fees. Under 11 U.S.C. § 362(a) (1), the filing of a bankruptcy petition automatically stays the continuation of any judicial proceeding against the debtor that was commenced prior to the filing of the bankruptcy case. See Burkart v. Coleman (In re Tippett), 542 F.3d 684, 690-691 (9th Cir. 2008) (noting that the automatic stay provision applies to Chapter 7 bankruptcy filings). Defendants' request for attorney's fees is not immune from the stay, as it is considered to be a continuation of the underlying lawsuit between these Parties. See Snavely v. Miller (In re Miller), 397 F.3d 726, 733 (9th Cir. 2005) ("Because the proceeding relating to Mr. Miller's motion for attorney's fees was a continuation of Mr. Miller's counter-claim against Ms. Snavely, it was subject to the automatic stay under § 362(a)(1)."). Consequently, Defendants' fee request cannot even be considered until the automatic stay has been lifted. See e.g., Wright v. U-Let-Us Skycap Services, Inc., 648 F. Supp. 1216, 1218 (D. Colo. 1986) (considering the motion for attorney's fees where the automatic stay "ha[d] been lifted solely for the purposes of liquidating the application for attorney fees and costs."). Accordingly, due to the automatic stay, the Court will dismiss Defendants' motion without prejudice and with leave to re-urge if legally appropriate.

/ / /

**Accordingly,**

**IT IS HEREBY ORDERED** dismissing Defendants' Motion for Award of Attorney's Fees and Non-Taxable Expenses without prejudice and with leave to re-urge if legally appropriate. (Doc. 17).

DATED this 31st day of March, 2011.

_____
Mary H. Murguia
United States District Judge